DAVID R. FISCHER, ESQ.
Nevada Bar No. 10348
LAW OFFICE OF DAVID R. FISCHER
400 South 4th Street, Suite 500
Las Vegas, Nevada 89101
Telephone: (702) 547-3944
Facsimile: (702) 974-1458
admin@fischerlawlv.com
*Attorney for Defendant* REGINALD LEWIS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>REGINALD LEWIS,<br><br>  Defendant. | Case No. 2:21-cr-00044-JAD-DJA<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

**COMES NOW** the Defendant, **REGINALD LEWIS**, by and through his attorney, **David R. Fischer, Esq.**, and respectfully files the following Sentencing Memorandum.

DATED this 25th day of May, 2021.

　　　　　　　　　　　　　　　　LAW OFFICE OF DAVID R. FISCHER

　　　　　　　　　　　　　　　　*/s/ David R Fischer*
　　　　　　　　　　　　　　　　DAVID R. FISCHER, ESQ.
　　　　　　　　　　　　　　　　400 South 4th Street, Suite 500
　　　　　　　　　　　　　　　　Las Vegas, Nevada 89101
　　　　　　　　　　　　　　　　*Attorney for Defendant* REGINALD LEWIS

/ / /

/ / /

1

# DEFENDANT'S SENTENCING MEMORANDUM

Reginald Lewis, through counsel, submits this Sentencing Memorandum in support of a non-custodial sentence with a three-year term of probation to include six-months of home detention, as recommended in the Probation Office's Presentence Investigation Report. *See* PSR at ¶ 118. This sentence largely comports with the Government's sentence recommendation[1]; reflects the nature and circumstances of Mr. Lewis's offense conduct, criminal history, general characteristics; and is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth at 18 U.S.C. § 3553(a)(2).

## I. INTRODUCTION

### A. Background

On May 30, 2020, Mr. Lewis set out to participate in a peaceful demonstration in downtown Las Vegas to show his support for police reform following the brutal murder of George Floyd a few short days earlier and witnessed on video by Mr. Lewis and millions of others around the world. At the time, Mr. Lewis was a young man at just 19 years old, very impressionable, and described by his mom as being naïve and too trusting. Mr. Lewis participated in the demonstration with an acquaintance, Jeanette Wallace, five years his senior.

At some point on the evening of May 30th, the peaceful demonstration turned destructive, and Mr. Lewis—acting in conformity with his older acquaintance, Ms. Wallace, and several other much older individuals—engaged in menacing and destructive conduct contributing to an estimated $71,335.72 in property damage to the Foley Federal Building (FFB) located on Las Vegas Boulevard in downtown Las Vegas. Specifically, Mr. Lewis's conduct during this incident

---

[1] "The USAO will recommend that the district court sentence the defendant at the low end of the advisory guideline range as determined by the district court." *See* GPA, pg. 10, lines 12-13.

was kicking the FFB glass roughly a half dozen times.  During the investigation into the acts that took place on May 30th, law enforcement agents questioned Mr. Lewis about his involvement in damaging the FFB where Mr. Lewis was and remained cooperative and forthcoming, accepting responsibility for the role he played in contributing to the FFB property damage.

Mr. Lewis told investigators that it was not his intent to damage any property when he joined the peaceful demonstration on May 30th.  *See* PSR at ¶ 24.  Mr. Lewis described walking with the crowd of demonstrators when he saw some of them begin damaging the FFB at which point he "got caught up in emotion of the crowd and began kicking the building." *Id* at ¶ 25.  Mr. Lewis also told investigators that "he knew immediately after he participated in damaging the building, he had done something wrong." *Id*.  Mr. Lewis also described the clothing he was wearing during the incident, identified himself in video surveillance and social media posts, and identified his acquaintance, Jeanette Wallace, in some of the images.  *Id* at ¶ 26.

Despite his serious lapse in judgment, Mr. Lewis was raised in a loving and supportive family.  His mother, Latanya Mosley, has cared for Mr. Lewis his entire life and continues doing so at this time.  Mr. Lewis had a relatively pleasant upbringing, though his father was missing from Mr. Lewis's home and his life for periods throughout his childhood.  Even so, his mother was able to provide Mr. Lewis with a loving and supportive childhood putting him in private Christian schools during his youth.  Mr. Lewis earned his high school diploma on August 13, 2019, less than a year before engaging in the acts damaging the FFB last year.  Mr. Lewis also began online college at Arizona State University, but he is not currently enrolled in classes.

Notably, Mr. Lewis has absolutely no prior arrest record, he has not been charged with any felonious conduct previously and has had just one minor misdemeanor infraction prior to this case.  Additionally, Mr. Lewis has no history or track record of violence or destructive behavior.  Admittedly, however, initially Mr. Lewis was not in full compliance with his pretrial supervision

conditions[2]. After being counseled by his mom and legal representative, Mr. Lewis became compliant honoring his release conditions from that point forward, however.

In short, after being charged with criminal acts resulting from his lapse in judgment, Mr. Lewis has been very cooperative with investigators, accepted responsibility for his acts, and "communicated his decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources." *See* GPA, pg. 8, lines 20-22.

### B. Legal Framework

While this court must still correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007), it may not treat that range as mandatory or presumptive, *Id.* at 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009), but must treat it as "one factor among several" to be considered in imposing an appropriate sentence under § 3553(a). *Kimbrough v United States*, 552 U.S. 85, 90 (2007). The court must "consider all of the § 3553(a) factors," "make an individualized assessment based on the facts presented," *Id.* at 49-50, and explain how the facts relate to the purposes of sentencing. *Id.* at 53-60; *Pepper v. United States*, 131 S. Ct. 1229, 1242-43 (2011). The court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id.* at 101; *Pepper*, 131 S. Ct. at 1242-43. (emphasis added).

### C. Requested Sentence

Mr. Lewis respectfully requests a non-custodial sentence with a three-year term of probation to include six-months of home detention, as recommended in the Probation Office's Presentence Investigation Report. *See* PSR at ¶ 118. This sentence largely comports with the

---

[2] Mr. Lewis missed drug test reporting and tested positive for marijuana twice.

Government's sentence recommendation[3]; reflects the nature and circumstances of Mr. Lewis's offense conduct, criminal history, general characteristics; and is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth at 18 U.S.C. § 3553(a)(2).

Specifically, both Mr. Lewis and the Government stipulated and agreed to jointly recommend a two-level reduction to the adjusted offense level. *See* GPA, pg. 8, lines 20-22. If the jointly recommended two-level reduction is granted by this Court, Mr. Lewis's sentencing Guideline's offense level will likely be 10 with a guideline imprisonment range of 6-12 months under a criminal history category of I. However, "[s]ince the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by…a sentence of probation that includes…home detention for imprisonment according to the schedule in USSG §5C1.1(e)." *See* PSR at ¶ 118 quoting USSG §5C1.1(c). (emphasis added).

The above sentencing request largely comports with the Government's recommendation in that the requested sentence falls at "the low end of the advisory guideline range" should this Court determine that Mr. Lewis's sentencing Guideline's offense level is 10 and falls within Zone B of the Sentencing Table. *See* GPA, pg. 10, lines 12-13. Mr. Lewis feels that once the Court considers the totality of all the circumstances surrounding his criminal conduct and his history and character in light of the U.S.C. § 3553(a) factors, that this Court could, in its own discretion, serve the purposes of sentencing set forth at 18 U.S.C. § 3553(a)(2) by imposing a non-custodial sentence with a three-year term of probation to include six-months of home detention, as recommended in the PSR. In this case, a non-custodial sentence with a three-year term of probation to include six-months of home detention reflects the nature and circumstances of Mr.

---

[3] "The USAO will recommend that the district court sentence the defendant at the low end of the advisory guideline range as determined by the district court."  *See* GPA, pg. 10, lines 12-13.

Lewis's offense and his history and characteristics, and is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth at 18 U.S.C. § 3553(a)(2).

## II. ARGUMENT

As noted, correctly in our opinion, in the PSR, because of his acts and because Mr. Lewis "will now be a convicted felon, the defendant will lose certain privileges, as well as mar his reputation, which is significant punishment in itself." *See* PSR at ¶ 117. Mr. Lewis believes, just as the "probation office believes a non-custodial sentence is appropriate in this case…still promot[ing] respect for the law and afford[ing] adequate deterrence to future criminal conduct." *Id* at ¶ 118.

After the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Gall v. United States*, 552 U.S. 38 (2007), district courts are still required to correctly calculate the advisory guidelines range. "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50. *Gall* also instructs that the district court "must make an individualized assessment based on the facts presented." 552 U.S. at 50.

### A. Sentencing Courts Are Always Required to Consider the § 3553(a) Factors

The Ninth Circuit has said that district judges must engage in a three-step sentencing process: (1) sentencing proceedings must "begin by determining the applicable Guidelines range," ensuring that the range is "calculated correctly;" (2) the parties must be allowed to make sentencing arguments; and (3) the "court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties, i.e., it should consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and

the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)-(7); *Gall*, 128 S. Ct. at 596-97 n.6." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

In *United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006), the court confirmed that a defendant's history and character are relevant at sentencing and may alone be grounds for a reduced sentence, if such a sentence meets the § 3553(a) purposes of punishment. The court held that Baker's history of employment, educational background, religious background, and youth all justified a reduced sentence, because "[t]he court's consideration of these facts . . . coincides with the sentencing factors specified in § 3553(a)." *Id.* at 992. That court also held that after *Booker*, a judge may give factors relevant to a defendant's *character*, such as Mr. Lewis's youth, stable and supportive family, and criminal history rating, "more weight than the Guidelines themselves would have allowed." *United States v. Rose*, 435 F.3d 735, 737 (7th Cir. 2006) (emphasis added).

Therefore, Mr. Lewis requests that this Court, before issuing a sentence in this case, closely considers (1) the nature and circumstances of Mr. Lewis's offense, and (2) Mr. Lewis's history and characteristics.

**1. Nature and Circumstances of the Offense**

It is important to note that Mr. Lewis did not intend to engage in criminal acts when he set out to peacefully demonstrate against the extreme police brutality that led to George Floyd's murder which was broadcast to him and everyone around the world only days before the incidents that occurred in this instant case. In addition, it is also important to consider that on the date of the incidents in this instant case, May 30, 2020, the state was just beginning to loosen highly restrictive Covid-19 orders limiting most social activities, which were especially difficult for

young adults in Mr. Lewis's age range. Between the pandemic, restrictions imposed due to the pandemic, the heartless murder of George Floyd, and the political unrest amid a contentious election year, as a young adult not yet fully matured and with un-checked emotions, Mr. Lewis made a poor decision to act in conformity with his older acquaintance, Ms. Wallace, and several other much older individuals and engage in menacing and destructive conduct contributing to an estimated $71,335.72 in property damage to the FFB. Specifically, Mr. Lewis's conduct during this incident was kicking the FFB glass roughly a half dozen times after getting caught up in the emotions of the incident in which he first only observed before engaging himself.

As Mr. Lewis's grandmother Ms. Doria Scott stated in her letter to this Court, "[s]ometimes, kids just follow others without considering the consequences. But, he has learned from his mistake, and as a family we have instilled good moral values in him" [*See* EXH A]. Likewise, as the Probation Office stated in the PSR and as Mr. Lewis still struggles to explain even to himself, especially in light of his stable and supportive upbringing, "it is unclear as to the reason why he would involve himself in a situation such as this, other than to say it was a poor decision on his part and lack of maturity." *See* PSR at ¶ 117. Considering the nature and circumstances of Mr. Lewis's offense, Mr. Lewis respectfully requests a non-custodial sentence with a three-year term of probation to include six-months of home detention, as recommended in the PSR.

### 2. Mr. Lewis's History and Characteristics

Mr. Lewis is a young adult, with a stable and supportive family behind him, capable of pushing past this offense and the requisite punishment while moving forward to create a happy and successful future for himself and his family. Despite his serious lapse in judgment, Mr. Lewis was raised in a loving and supportive family. His mother, Latanya Mosley, has cared for Mr. Lewis his entire life and continues doing so at this time. Mr. Lewis had a relatively

pleasant upbringing, though his father was missing from Mr. Lewis's home and his life for periods throughout his childhood.

Even so, his mother was able to provide Mr. Lewis with a loving and supportive childhood putting him in private Christian schools during his youth. Mr. Lewis earned his high school diploma on August 13, 2019, less than a year before engaging in the acts damaging the FFB last year. Mr. Lewis also began online college at Arizona State University, but he is not currently enrolled in classes.

Mr. Lewis has also been raised in the church where he has been taught right from wrong and how to live a life in service of others. Mr. Lewis's father, Reginald Lewis, Sr., works as a church organist and although he resides in Chicago, father and son maintain a good relationship which allows dad to positively influence his son with Christian values and beliefs. Additionally, Mr. Lewis attended private Christian school during his youth and has been very involved in his church throughout his life.

Mr. Lewis is also fond of music and the arts. He enjoys singing, dancing, and roller skating. His grandmother, Ms. Doria Scott, says that "Reggie has volunteered and assisted in helping [her] with acts of service activities, such as painting his school for MLK Day, [f]eeding t[he] needy alongside the Chicago Food Depository as well as our churches community outreach programs. [Mr. Lewis] cares for his family and friends, and is well respected with those who come in contact with him" [*See* EXH A].

Notably, Mr. Lewis has absolutely no prior arrest record, he has not been charged with any felonious conduct previously and has had just one minor misdemeanor infraction prior to this case. Additionally, Mr. Lewis has no history or track record of violence or destructive behavior. Admittedly, however, Mr. Lewis has been exposed to marijuana usage and he agrees with the Probation Office's drug testing and substance abuse treatment as part of his sentencing. Mr.

Lewis believes the treatment and testing will work together to hold him accountable to getting his life back on track and help ensure he has a bright and successful future.

Finally, Mr. Lewis's grandmother Ms. Scott eloquently stated in her letter to this Court that Mr. Lewis made "a stupid childish mistake that should not define the rest of his life" [*See* EXH A]; Ms. India Green, Training Manager at Academic Partnerships, in her letter in support of Mr. Lewis, states: "Without a doubt, this young man deserves a chance to grow into the potential he is destined for. […] [Reginald] is surrounded by positive influences and will prove to be one of the justice system's success stories. Let him be apart *[sic]* of the solution" [See EXH B].  Thus, when considering the aforementioned history and characteristics of Mr. Lewis, he respectfully requests that this Court considers the totality of all the circumstances surrounding his history and characteristics in light of the U.S.C. § 3553(a) factors, and in its own discretion[4], impose a non-custodial sentence with a three-year term of probation to include six-months of home detention, as recommended in the PSR.

**B. Stipulated Joint Recommendation for Reduction for Acceptance of Responsibility under USSG §3E1.1(a)**

The parties stipulated and agreed to jointly recommend a two-level reduction to the adjusted offense level under USSG §3E1.1(a) within the United States Sentencing Commission *Guidelines Manual* as consideration for Mr. Lewis's acceptance of responsibility.  After being charged with criminal acts resulting from his lapse in judgment, Mr. Lewis has been very cooperative with investigators, accepted responsibility for his acts, and "communicated his

---

[4] The parties agreed under the terms of the Plea Agreement that they will not seek to apply any other specific offense characteristics, enhancements of reductions.  *See* GPA, pg 8, lines 11-19.  However, the Court must consider the factors set forth in Title 18 U.S.C. § 3553(a) in determining Mr. Lewis's sentence.  *Kimbrough v United States*, 552 U.S. 85, 49-50 (2007).

decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources." *See* GPA, pg. 8, lines 20-22.

### III. CONCLUSION

For the reasons stated herein, Mr. Lewis joins the Probation Office's sentencing recommendation and respectfully requests that this Court grant his sentencing request and impose a non-custodial sentence with a three-year term of probation to include six-months of home detention, as recommended in the PSR based on all the U.S.C. § 3553(a) factors, and those noted above. Mr. Lewis believes, just as the "probation office believes a non-custodial sentence is appropriate in this case…still promot[ing] respect for the law and afford[ing] adequate deterrence to future criminal conduct." *Id* at ¶ 118.

DATED this 25th day of May, 2021.

LAW OFFICE OF DAVID R. FISCHER

/s/ David R Fischer
DAVID R. FISCHER, ESQ.
400 South 4th Street, Suite 500
Las Vegas, Nevada 89101
*Attorney for Defendant* REGINALD LEWIS

/ / /

/ / /

/ / /

**CERTIFICATE OF ELECTRONIC SERVICE**

I HEREBY CERTIFY that I am an employee or agent of the LAW OFFICE OF DAVID R. FISCHER and am a person of such age and discretion as to be competent to serve papers. That on the 25th day of May, 2021, I served an electronic copy of the above and foregoing **DEFENDANT'S SENTENCING MEMORANDUM** by electronic service (ECF) to the persons named below:

>Kimberly A. Sokolich, Esq.
>Assistant United States Attorney
>501 Las Vegas Boulevard South
>Suite 1100
>Las Vegas, NV 89101
>(702) 388-5088
>kimberly.sokolich@usdoj.gov

/s/ David R Fischer
DAVID R. FISCHER